IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE SUNDAY, # 213453, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15cv537-MHT |
| | ) | (WO) |
| CHRISTOPHER GORDY, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* pleading titled by petitioner Timothy Lee Sunday ("Sunday") as an "Action to Enjoin Denial of Equal Protection of the Laws," which Sunday purports to bring under, among other provisions, Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1651(a) (i.e., the All Writs Act).  Doc. No. 1.  Sunday challenges his conviction for first-degree sexual abuse and his resulting life sentence, as a habitual felony offender, imposed in 1999 by the Circuit Court of Lee County, Alabama.[1]  For the reasons that follow, Sunday's pleading is subject to dismissal under the directives of 28 U.S.C. § 2244(b)(3) as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254 filed without the required appellate-court authorization.

---

[1] Sunday originally filed his pleading in the United States District Court for the Northern District of Alabama.  Upon finding that Sunday's pleading presented claims for habeas corpus relief, that court transferred the action to this court in an order dated July 10, 2015.  Doc. No. 2.

## II.   DISCUSSION

Sunday asserts claims attacking the constitutionality of his state conviction and sentence.  Because he is in custody pursuant to the state court judgment he attacks, his "Action to Enjoin Denial of Equal Protection of the Laws" is, in substance, a 28 U.S.C. § 2254 petition for writ of habeas corpus, and it shall be treated as such.  A state prisoner cannot evade the procedural requirements of § 2254 simply by calling his pleadings something else.  *See Franqui v. Florida*, 638 F.3d 1368, 1371 (11th Cir. 2011) ("[A]n improper attempt to avoid [the statutory ban on] second-or-successive restrictions . . . is not permitted.").

Sunday invokes Federal Rule of Civil Procedure 60(b) in his petition.  Although Federal Rule of Civil Procedure 60 may be used in limited circumstances to set aside federal habeas denials, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), the allegations in Sunday's petition, at bottom, attack the conviction and sentence imposed against him in a state criminal proceeding and not the validity of a previous habeas denial.  To the limited extent that Sunday refers in his petition to a specific previous federal habeas denial, he either reargues a merits determination denying a previous habeas claim or makes a conclusory and wholly unsupported assertion that a previous habeas claim was incorrectly found to be procedurally barred.  Such allegations do not entitle Sunday to obtain relief through the mechanism of Rule 60(b).

While Rule 60(b) may be used to challenge a legal error in a previous habeas proceeding

that precluded a merits determination of a claim, such as a denial based on a mistaken application of a procedural bar, *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), Sunday does nothing more than *assert* that his previous habeas claim that the State used false evidence/perjured testimony to obtain his conviction was mistakenly determined by this court to be procedurally barred. *See* Doc. No. 1 at 24-25. In Civil Action No. 3:03cv502-MHT (i.e., Sunday's first habeas petition, discussed *infra* in this Recommendation), this court found that Sunday's false evidence/perjured testimony claim was procedurally barred because Sunday never presented the claim to the state courts and he failed to establish cause and prejudice or actual innocence to excuse his procedural default. *See* Civil Action No. 3:03cv502, Doc. No. 64 at 20-23. Sunday does not say why this court's ruling finding this habeas claim to be procedurally barred was erroneous. He merely states that "correct procedure" requires that the merits of this claim "be addressed in the first instance by the district court." Doc. No. 1 at 25. Sunday may not use Rule 60(b) to obtain a merits determination of his procedurally defaulted claim.

Sunday also invokes 28 U.S.C. § 1651(a), the All Writs Act. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pa. Bureau of Corr. v. U.S. Marshal Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id*. A petition for writ of habeas corpus under 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge in federal court the constitutionality of his state

3

conviction. *See, e.g.*, *Johnson v. Maclaren*, 2015 WL 1637675, at *1-2 (E.D. Mich. Apr. 13, 2015). Sunday's claims in his instant petition do not entitle him seek relief through the All Writs Act. *See, e.g.*, *Brennan v. Wall*, 100 F. App'x 4, 5 (1st Cir. 2004) (All Writs Act may not be used to evade the strictures of 28 U.S.C. § 2254).

A review of this court's records establishes that Sunday has filed five previous habeas petitions in this court challenging his sexual-abuse conviction and the resulting life sentence imposed by the Circuit Court of Lee County. *See Sunday v. Ferrell, et al.*, Civil Action No. 3:03cv502-MHT; *Sunday v. Lee County Circuit Court, et al.*, Civil Action No. 3:07cv723-MEF; *Sunday v. Lee County Circuit Court, et al.*, Civil Action No. 3:09cv202-MEF; *Sunday v. Mitchem, et al.*, Civil Action No. 3:11cv544-MEF; and *Sunday v. Jones, et al.*, Civil Action No. 3:12cv999-TMH.

In the first of these previous habeas actions, Civil Action No. 3:03cv502-MHT, this court denied Sunday relief. *See* Civil Action No. 3:03cv502-MHT, Doc. Nos. 64, 69 & 70. Specifically, the court determined that the state courts properly adjudicated the merits of Sunday's claims of ineffective assistance of counsel, his challenge to the constitutionality of his sentence, his attack on the trial court's admission of the victim's in-court identification, and his allegation of error regarding denial of his motion for a judgment of acquittal; therefore, this court denied Sunday relief on these claims. *Id.*, Doc. No. 64. This court further determined that Sunday had procedurally defaulted his substantive claim regarding prosecutorial misconduct in the presentation of alleged false evidence/perjured testimony.

*Id.*  On February 10, 2006, the Eleventh Circuit Court of Appeals affirmed this court's denial of Sunday's first habeas petition.  *Id.*, Doc. No. 76.  The appellate court likewise denied a motion for rehearing filed by Sunday.  *Id.*, Doc. No. 77.

This court dismissed Sunday's 2007 (Civil Action No. 3:07cv723-MEF), 2009 (Civil Action No. 3:09cv202-MEF), and 2011 (Civil Action No. 3:11cv544-MEF) 28 U.S.C. § 2254 petitions as successive habeas applications filed without the required appellate-court authorization, pursuant to the directives of 28 U.S.C. § 2244(b)(3).  This court also dismissed Sunday's 2012 petition in Civil Action No. 3:12cv999-TMH, which Sunday had styled as a "Mandamus, Appeal, Motion for Appropriate Relief," as a successive § 2254 petition filed, like his previous three habeas applications, without the required appellate-court authorization.  Sunday's instant petition is subject to dismissal on the same basis.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) & (C).

Sunday has not received an order from a three-judge panel of the Eleventh Circuit

5

Court of Appeals authorizing this court to consider a successive application for habeas relief. Because this undertaking is Sunday's sixth habeas corpus petition and because he has no permission from the Eleventh Circuit to file a successive habeas petition, this court "lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed. *See id*. at 934.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.   The 28 U.S.C. § 2254 petition for writ of habeas corpus (titled by Sunday as an "Action to Enjoin Denial of Equal Protection of the Laws"), Doc. No. 1, be DENIED.

2.   This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3), as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 12, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District

Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE